**[J-45-2021] [MO: Saylor, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 30 WAP 2020 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court entered May 20, |
| | : | 2020 at No. 1203 WDA 2019 |
| v. | : | affirming in part and vacating in part |
| | : | the Order of the Court of Common |
| | : | Pleas of Allegheny County  entered |
| DUWAYNE A. DIXON, JR., | : | August 2, 2019 at No. CP-02-CR- |
| | : | 0016492-2008. |
| Appellant | : | |
| | : | SUBMITTED:  April 21, 2021 |

**CONCURRING OPINION**

**JUSTICE DOUGHERTY**                                    **DECIDED: AUGUST 6, 2021**

I agree with the majority's holding that the requirement of 18 Pa.C.S. §4952(b)(2) is an element of the first-degree felony graded offense of witness intimidation and the trial court's instruction directing the jury to find such fact violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  I write separately to make clear that inherent in this holding is a finding that appellant's underlying PCRA claim has arguable merit and the Superior Court erred when it affirmed the PCRA court by concluding "[a]ppellant is not entitled to relief because there is no merit to his claim[.]"  *Commonwealth v. Dixon*, 1203 WDA 2019, 2020 WL 2554617 at *7 (Pa. Super., May 20, 2020) (unpublished memorandum).  For my part, I anticipate correction of this error would be the Superior Court's starting point upon remand.

Chief Justice Baer joins this concurring opinion.